FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 24 2007

Stephan Harris, Clerk
Cheyenne

Patrick J. Crank
Attorney General

Thomas W. Rumpke
Sr. Asst. Attorney General

Robert A. Nicholas
Sr. Asst. Attorney General
123 State Capitol
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile
email: bnicho@state.wy.us

Attorneys for the Petitioner State of Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 07 CV 025 J |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF THE INTERIOR; UNITED STATES | ) PETITION FOR REVIEW |
| FISH AND WILDLIFE SERVICE; DIRK | ) OF FINAL AGENCY ACTION |
| KEMPTHORNE, in his official capacity | ) AND TO COMPEL AGENCY |
| as Secretary of the United States Department | ) ACTION UNLAWFULLY |
| of the Interior; H. DALE HALL, in his official | ) WITHHELD OR |
| capacity as Director of the United States Fish | ) UNREASONABLY DELAYED |
| and Wildlife Service; and MITCH KING, in | ) |
| his official capacity as Region 6 Director of | ) |
| the United States Fish and Wildlife Service, | ) |
| | ) |
| Respondents. | ) |

Petitioner State of Wyoming ("State"), by and through the Wyoming Attorney General's Office, hereby petitions this Court to review final agency action and agency action unlawfully withheld with regard to the State's "Petition to Remove Preble's Meadow Jumping Mouse (*Zapus hudsonius preblei*) from the List of Endangered and Threatened Species" ("Petition to Delist"). The United States Department of the Interior, the United States Fish and Wildlife Service (Service), Secretary of the Interior Dirk Kempthorne, United States Fish and Wildlife Director H. Dale Hall, and United States Fish and Wildlife Region 6 Director Mitch King (collectively "Respondents") unlawfully withheld final agency action when they failed to publish a final rule following a positive 12-month finding on the State's Petition to Delist the Preble's Meadow Jumping Mouse (PMJM). The Respondents also acted arbitrarily in extending the time in which to respond to the State's Petition to Delist. In support of this Petition, the State alleges as follows:

1.      In 1998, the PMJM was listed as a threatened species under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531-1540. 63 Fed. Reg. 26,517 (May 13, 1998).

2.      On December 17, 2003, the State filed a Petition to Delist the PMJM. The State's Petition to Delist provided two separate, distinct reasons for delisting the PMJM. First, the State's Petition to Delist relied on recent genetics studies which concluded that the PMJM was not a distinct taxonomical unit from other jumping mice in the area. Second, distribution, abundance, and trends (DAT) data collected after the decision to list the PMJM

indicated that the rodent was more widely distributed than previously thought. In particular, trapping data since the listing decision indicates the PMJM is present at 126 sites throughout all hydrologic units in the PMJM's historical range.

3. On March 31, 2004, the Service issued a positive 90-day finding on the Petition to Delist. 69 Fed. Reg. 16,944 (Mar. 31, 2004). The Service relied solely on the genetics study as its basis to consider a petition to delist the PMJM. 69 Fed. Reg. 16,945. However, the Service requested comments and information on the abundance and distribution of the PMJM subspecies, and the threats faced by the PMJM in relation to the five listing factors contained in the ESA. *Id.*

4. On February 2, 2005, the Service issued its 12-month finding and a proposed rule to delist the PMJM. 70 Fed. Reg. 5404 (Feb. 2, 2005). The Service made no explicit finding with regard to DAT data in its 12-month finding and proposed rule. Instead, the Service made a blanket pronouncement that the action requested in the Petition to Delist was "warranted." 70 Fed. Reg. 5405. However, the Service described the requested action in the Petition to Delist as requesting that the PMJM be delisted for either of two reasons:

> Preble's should be delisted based on "data error" (i.e., subsequent investigations show that the best scientific or commercial data available when the species was listed, or the interpretation of such data, were in error) **and** 'taxonomic revision' (i.e., Preble's is not a valid subspecies). [Emphasis added]

70 Fed. Reg. 5405.

5.     On February 17, 2006, the Service invoked a six-month extension pursuant to 16 U.S.C. § 1533(b)(6)(B)(i). 71 Fed. Reg. 8556 (Feb. 17, 2006). The Service alleged there was "substantial disagreement" regarding the accuracy of the genetics data it relied upon in making its 12-month decision to delist the PMJM. 71 Fed. Reg. 8556. In particular, the Service stated there was substantial disagreement between the genetics study relied upon by Wyoming in the Petition to Delist and a genetics study recently completed by Tim King of the United States Geological Survey at the request of the Service. *Id.* The six-month extension expired no later than August 2, 2006.

6.     To date, the Respondents have not made a final decision regarding Wyoming's Petition to Delist. The Respondents have not issued a final rule delisting the PMJM, nor have they published any decision withdrawing the proposed rule to delist the PMJM. The failure to make a final decision regarding the State's Petition to Delist within the non-discretionary timeframes required under the ESA violates Section 706(1) of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. In addition, Respondents arbitrarily acted in response to the State's Petition to Delist in violation of Section 706(2) of the APA by extending the timeframe in which to make its decision and not delisting the PMJM on the basis of the best available scientific data regarding distribution and abundance. Respondents' unlawful withholding of agency action and arbitrary and capricious agency action include, but are not limited to, the following acts and omissions:

(a)     In evaluating the Petition to Delist, the Service did not comply with the non-discretionary mandate contained in 16 U.S.C. § 1533(b)(6)(A), which requires the Service to take final action within one year of publishing a proposed rule to delist a species. The proposed rule to delist the PMJM was published on February 2, 2005. Thus, the Service was required to either publish a final rule, withdraw the proposed rule, or properly invoke a six-month extension to further evaluate the proposed rule on or before February 2, 2006. To date, the Service has taken none of these actions. The Service has not published a final rule delisting the PMJM, nor has the Service withdrawn its proposed rule.

(b)     In evaluating the Petition to Delist, the Service did not comply with the non-discretionary mandate contained in 16 U.S.C. § 1533(b)(6)(D)(iii), which requires the Service to take final action within one year and six months of publishing a positive 12-month finding on a petition to delist a species. Even assuming that the Service properly invoked the six-month extension permitted under 16 U.S.C. § 1533(b)(6)(D)(i), the Service was required to make a final decision on the Petition to Delist and its proposed rule on or before August 2, 2006. To date, the Service has not made a final decision on the Petition to Delist or the proposed rule.

(c)     To the extent the Service invoked the six-month extension allowed under 16 U.S.C. § 1533(b)(6)(D)(i), the Service acted arbitrarily and capriciously and its decision is not supported by substantial evidence. In its notice of extension, the Service only referred

5

to a "substantial disagreement" regarding the genetics data submitted in support of the Petition to Delist. The Service did not indicate there was any "disagreement" regarding the DAT data supporting the Petition to Delist. Since there is no evidence that there is a "substantial disagreement" among scientists regarding the DAT data, the Service's decision to invoke the six-month extension for delisting decisions under 16 U.S.C. § 1533(b)(6)(D)(i) is not supported by substantial evidence. Thus, the Service's decision to invoke the six-month extension is arbitrary, capricious, and not in accordance with the law.

(d)    To the extent the Service may claim that its failure to specifically address the DAT data in either its 90-day finding or its 12-month finding constitutes the agency's final action on that portion of the Petition to Delist, the Service acted arbitrarily and capriciously. The Service specifically recognized that the Petition to Delist provided two, independent bases for delisting the PMJM. The Service even requested additional information on distribution and abundance in its 90-day finding. However, the Service did not address the DAT data in its 12-month review or in its notice of extension. To the extent that the Service may argue that its omission constitutes a final determination that the DAT data does not support delisting, such a decision is not supported by substantial evidence and not in accordance with the law. In particular, there is no data to refute the DAT data attached to the Petition to Delist. The DAT data establishes that the PMJM is found in all historically occupied hydrological units. Thus, the DAT data demonstrates that there have not been local

extirpations of the PMJM as the Respondents concluded in their initial listing determination. In addition, the Service has never conducted a five-factor analysis to determine if the PMJM is threatened over all or a significant portion of its range as required under 16 U.S.C. §§ 1533(a)(1)(A-E). Thus, the Service has not considered the factors that Congress intended it to consider when making delisting determinations under the ESA.

7.  This Court has jurisdiction over the claims in this Petition pursuant to 5 U.S.C. §§ 701-706, 16 U.S.C. § 1540(g)(1), 28 U.S.C. § 1331, FED. R. APP. P. 15, and U.S.D.C.L.R. 83.7.2. Sovereign immunity to the claims in this Petition is waived by 5 U.S.C. § 702 and 16 U.S.C. § 1540(g)(1). With respect to the ESA citizen suit claims, the State gave the Respondents written notice of the claims in a letter dated September 26, 2006. The State has given the Respondents at least 60 days notice before filing this Petition as required by 16 U.S.C. § 1540(g)(2) in the ESA. The State has filed this Petition within six years of the Service's failure to act on the Petition to Delist as required by 28 U.S.C. § 2401(a).

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Each of the above-named Respondents is either an agency of the United States or an officer or employee of the United States acting in his official capacity, therefore each Respondent resides in this judicial district for purposes of suit. Venue also is proper because a substantial part of the events giving rise to the claims occurred in this judicial district and because the State "resides" in this judicial district for purposes of suit.

9. The failure to act within the time allotted for agency action under the ESA constitutes agency action unlawfully withheld. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999). To the extent the Respondents may argue that their failure to address the DAT data constitutes a decision that the DAT data does not support delisting, then the Respondents' *de facto* denial of the Petition to Delist on the basis of DAT data is a final agency action because: (a) the *de facto* denial of the Petition to Delist marked the consummation of the agency's decisionmaking process; and (b) the *de facto* denial of the Petition to Delist determined the rights and obligations and resulted in legal consequences for the State. All claims arising from the Respondents' actions and/or inactions regarding the Petition to Delist are subject to appellate review in this Court. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) (dictating that federal district courts in the Tenth Circuit must process reviews of federal agency action as appeals).

WHEREFORE, the State respectfully requests that this Court:

1. Declare that the Respondents have unlawfully withheld or unreasonably delayed taking action on the Petition to Delist;

2. Issue a mandatory injunction ordering the Respondents to take final action on the Petition to Delist no later than one month after this Court issues its final judgment on the merits in this matter;

3.   Declare that the Respondents' decision to extend the timeframe for making a final decision following the 12-month finding on the Petition to Delist was arbitrary and capricious, an abuse of discretion, contrary to the ESA, the APA, and was otherwise not in accordance with law;

4.   Issue a mandatory injunction ordering the Respondents to immediately publish a final rule to remove the PMJM from the list of threatened and endangered species;

5.   Award the State its reasonable fees, costs, and expenses, including attorneys fees, incurred as a result of this litigation; and,

6.   Grant the State such additional relief as the Court may deem just and proper.

Submitted this 24th day of January, 2007.

/s/
Patrick J. Crank
Attorney General

/s/
Thomas W. Rumpke
Sr. Asst. Attorney General

/s/
Robert A. Nicholas
Sr. Asst. Attorney General
123 State Capitol
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 (facsimile)

Attorneys for Petitioner State of Wyoming